UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

CHASITY P.,                                        )
                                                   )
        Plaintiff,                                 )
                                                   )
        v.                                         )        Case No. 1:18-cv-113
                                                   )
NANCY A. BERRYHILL,                                )
Acting Commissioner of Social Security,            )
                                                   )
        Defendant.                                 )

**OPINION AND ORDER**
**DENYING THE COMMISSIONER'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**
(Doc. 6)

Plaintiff Chasity P. is a claimant for Social Security Disability Insurance Benefits
("DIB") under the Social Security Act ("SSA"). She brings this action pursuant to 42
U.S.C. § 405(g) to reverse the decision of the Social Security Commissioner that she is
not disabled. Pending before the court is the Commissioner's motion to dismiss
Plaintiff's Complaint filed on April 23, 2018. (Doc. 6.) Plaintiff opposes dismissal,
filing her response on May 7, 2018.

Plaintiff is represented by Lewis L. Schwartz, Esq. The Commissioner is
represented by Special Assistant United States Attorney June Lee Byun.

I.      **Factual and Procedural Background.**

On March 2, 2014, Plaintiff filed an application for DIB benefits, alleging a
disability onset date of November 8, 2012. The Commissioner denied her application on
April 24, 2014. Thereafter, Plaintiff timely filed a written request for a hearing before an
administrative law judge ("ALJ"). On April 14, 2016, Plaintiff testified at a hearing
before ALJ Bryce Baird, who, on October 5, 2016, issued a decision finding Plaintiff was
not disabled.

Plaintiff requested review of the ALJ's October 5, 2016 decision by the Appeals Council, which received and incorporated additional evidence from Plaintiff into the record. On November 18, 2017, the Appeals Council denied Plaintiff's request for review in a written letter sent to Plaintiff's home address and to her attorney's address. The Appeals Council's notice informed Plaintiff of her right to seek judicial review of its decision by filing a civil action within "60 days . . . after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Doc. 1-1 at 2.) The notice further informed Plaintiff that "[i]f [she] cannot file for court review within 60 days, [she] may ask the Appeals Council to extend [her] time to file" by filing a written request stating the "good reason for waiting more than 60 days to ask for court review." *Id.* at 3.

On January 23, 2018, Plaintiff's attorney requested an extension of time to file a civil action "[d]ue to the federal government shutdown from 1/20/2018 through 1/22/2018[.]" (Doc. 10 at 28.) Also on January 23, 2018, Plaintiff filed her Complaint. On April 4, 2018, the Appeals Council denied Plaintiff's request for an extension of time to file her Complaint and noted "a message on the court's website[]" stating "[d]espite a government shutdown, New York Western District Court will remain open for business. All proceedings will go forward as scheduled, unless the court provides specific notice of cancellation. CM/ECF also will remain in operation for electronic filing of documents." *Id.* at 29 (internal quotation marks omitted).

## II.    Conclusions of Law and Analysis.

### A.    Standard of Review.

A plaintiff challenging a final decision of the Commissioner must file a civil action within 60 days of receiving the Appeals Council's decision. 42 U.S.C. § 405(g). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

"Because [the Commissioner's] motion to dismiss is based solely on a statute of limitations argument, [the Commissioner's] motion to dismiss is analyzed under the legal standard of Fed. R. Civ. P. 12(b)(6)." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d

480, 483 (W.D.N.Y. 2015). A court should consider the motion "'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## B.      Whether Plaintiff Timely Filed her Complaint.

The Commissioner argues that dismissal is appropriate because Plaintiff failed to timely file her Complaint or to request an extension of time in accordance with 42 U.S.C. § 405(g). In response, Plaintiff contends that she filed her Complaint within sixty days of actual receipt of the Appeals Council's notice.

When a claimant for DIB benefits appeals to a federal court, 42 U.S.C. § 405(g) and (h) provide the "exclusive source of federal court jurisdiction[.]" *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *see also Johnson v. Comm'r of Soc. Sec.*, 2017 WL 4857562, at *2 (D. Vt. Oct. 25, 2017) (stating that § 405(g) "provides the exclusive means by which the federal courts may review a decision of the Commissioner.") (internal quotation marks omitted). The statute provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Section § 405(g) states, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

Where an ALJ renders an unfavorable decision, a claimant may file a written request to the Appeals Council for review of an ALJ's decision "within 60 days after the date [the claimant] *receive[s] notice* of the hearing decision or dismissal." 20 C.F.R. § 404.968(a)(1) (emphasis supplied). Although the applicable regulations provide that the sixty-day limitations period begins to run five days after the date set forth on the

Appeals Council's notice, 20 C.F.R. §§ 416.1401, 422.210(c), this may not in fact be within sixty days of *receipt*.

"[O]rdinarily, the [Commissioner] would be entitled to a presumption that [the plaintiff] received . . . notice" on the fifth day after the date of the Appeals Council's letter. However, a claimant may "rebut[] the statutory presumption that he received notice within 5 days of the decision." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). To do so, the claimant must "mak[e] 'a reasonable showing to the contrary.'" *Id.* (holding claimant "successfully complied with his burden under 20 C.F.R. § 422.210(c)" by showing "that the notice of decision was not even mailed until [two days after the five day presumption period] and, therefore, could not possibly have been received by" five days after the letter's date) (quoting 20 C.F.R. § 422.210(c)). "To overcome the presumption of timely receipt, a plaintiff must do more than simply allege that the Commissioner's notice arrived late or went missing." *Rodriguez v. Comm'r of Soc. Sec.*, 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017); *see also Marquez v. Comm'r of Soc. Sec.*, 2013 WL 3344320, at *4 (S.D.N.Y. July 2, 2013) (ruling plaintiff's allegation that he belatedly received notice was insufficient to rebut presumption); *Liranzo v. Astrue*, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (concluding "[p]laintiff's mere self-serving assertion that he did not receive the Appeals Council's notice" because his mailbox was "prey by the vandals in a low[-]income community" and he was physically incapable of checking it daily was insufficient to rebut presumption). Instead, "a plaintiff must present some affirmative evidence indicating that actual receipt occurred at a later date." *Marquez*, 2013 WL 3344320, at *3.

In making this determination, the court is not "extending the 60 day period. Rather, [the court is] determining whether that 60 day period has expired, and to do so [it] must first ascertain when the period began to run—*i.e.*, when [the claimant] received notice of the Appeals Council decision." *Matsibekker*, 738 F.2d at 81. "[W]hen a claimant successfully rebuts the presumption with a 'reasonable showing' that he received notice of decision after five days, the burden shifts to the Commissioner of

Social Security to establish that the claimant received actual notice." *Liranzo*, 2010 WL 626791, at *1.

In this case, the Appeals Council's denial letter of Plaintiff's request for review of ALJ Baird's decision was dated November 18, 2017. Therefore, under the statutory presumption, Plaintiff was required to file her Complaint by January 22, 2018. However, Plaintiff submitted three affirmations under oath with her opposition to the Commissioner's motion to dismiss which all indicate receipt of the notice after the five-day period.

Plaintiff's attorney's "contemporary notes" show that the Appeals Council's notice "was received on November 29, 2018 by U.S. mail, . . . nine (9) days after the notice was issued." (Doc. 8 at 1.) Although the original documents are unavailable because it is Plaintiff's attorney's policy to shred documents on a monthly basis, the notice "was scanned into [his] computer server on November 30, 2018 by [his] legal assistant[.]" *Id.* at 2. A screenshot of the computer's electronic file has been provided. Michael Smart, Plaintiff's attorney's paralegal, submitted an affidavit wherein he averred that his responsibilities in the office including receiving and scanning all of the office's mail and "documenting the receipt of all documents in the claimants' file." (Doc. 7-3 at 1.) He stated that the notes in the electronic file indicate that the Appeals Council's notice was received on November 29, 2017 and was scanned into the computer on November 30, 2017 at 6:07 p.m. Mr. Smart further averred that, on busy days, he would not scan mail until the day after it was received and he would remain at the office to scan mail after business hours in order to finish the previous day's mail.

Plaintiff also filed an affidavit from Eli Honig, the owner of Data-Serv Technologies which provides computer and server maintenance for Plaintiff's attorney. Mr. Honig stated that he is familiar with Plaintiff's attorney's server and the file saving protocol for the computers on the network. He reviewed Plaintiff's electronic file and attached screenshots thereof and attested that he "can verify that the pdf document [of the Appeals Council's November 18, 2017 notice] was created on November 30, 2017 and has not been modified since that date." (Doc. 9 at 1-2.)

Based on the three affidavits and the screenshots of the electronic file, Plaintiff has made a reasonable showing that she received the Appeals Council's notice nine days after the date on the letter and as a result she filed her Complaint within sixty days of receipt of the notice on January 23, 2018. Because Plaintiff successfully rebutted the presumption with a "reasonable showing" that she received the Appeals Council's notice after more than five days, the burden shifts to the Commissioner to establish that the claimant received actual notice. *Liranzo*, 2010 WL 626791, at *1. The Commissioner has not responded to Plaintiff's opposition to the motion to dismiss and has thus failed to satisfy her burden. The Commissioner's motion to dismiss for failure to timely file the Complaint must therefore be DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES the Commissioner's motion to dismiss Plaintiff's Complaint (Doc. 6).

SO ORDERED.

Dated at Burlington, Vermont, this __30th__ day of October, 2018.

Christina Reiss, District Judge
United States District Court